1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FREDDIE PATINO, | ) | 1:08-cv-01095-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS (Doc. 1) |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO |
| | ) | MAIL PETITION FORMS FOR CIVIL RIGHTS |
| DERRAL G. ADAMS, | ) | ACTION PURSUANT TO 42 U.S.C. § 1983 |
| | ) | |
| Respondent. | ) | |
| | ) | |

13    Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus

14 pursuant to 28 U.S.C. § 2254.  On July 30, 2008, Petitioner filed his petition for writ of habeas

15 corpus in this Court.  (Doc. 1).

16    Petitioner raises numerous constitutional issues relating to his continued confinement in

17 the Secure Housing Unit ("SHU") of the state prison in which he is incarcerated.  Petitioner

18 contends that the reason for his SHU placement is an erroneous and unconstitutional

19 determination regarding his ongoing gang affiliation.  Petitioner does not challenge either his

20 conviction or sentence, or the execution of his sentence.

21                                    **DISCUSSION**

22    Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

23 review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

24 plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule

25 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490

26 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the

27 petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. §

28 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality

1

1  or duration" of his confinement.  <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991)(quoting

2  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the

3  Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C.

4  § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.

5  <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991);  <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d

6  at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

7          In this case, Petitioner complains that Respondent has violated his state and federal

8  constitutional rights in the process by which Respondent has determined that, because of

9  Petitioner's gang affiliation, he should be housed in the SHU.  As mentioned, Petitioner is not

10  challenging either his original conviction and sentence or the manner in which that sentence is

11  being executed by Respondent.  Moreover, Petitioner does not contend that ongoing SHU

12  confinement affects the amount of credits he is earning.  Petitioner is thus challenging the

13  *conditions* of his confinement, not the fact or duration of that confinement.  Thus, Petitioner is

14  not entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish

15  to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to

16  42 U.S.C. § 1983.

17                                                      **ORDER**

18          Accordingly, the Court HEREBY ORDERS as follows:

19          1.  That the petition for writ of habeas corpus (Doc. 1), is DISMISSED because the

20          petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

21          2.  That the Clerk of Court be DIRECTED to send Petitioner the standard form for claims

22          pursuant to 42 U.S.C. § 1983; and,

23          3.  The Clerk of the Court is DIRECTED to close the file.

24

25  IT IS SO ORDERED.

26  Dated:   **October 7, 2008**                                   **/s/ Theresa A. Goldner**
                                                              UNITED STATES MAGISTRATE JUDGE
27

28